```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                          EASTERN DIVISION


Steve Khoury, et al.,

        Plaintiffs,

    vs.                                  Case No. 2:06-cv-00033

Denney Motors Associates,
Inc., et, al.,                           JUDGE GRAHAM

        Defendants.
```

### MEMORANDUM OPINION AND ORDER

**I.  Introduction**

On November 30, 2005, Steve Khoury and Amy Khoury ("plaintiffs") filed this action in the Franklin County, Ohio Court of Common Pleas against Denney Motors Associates ("Denny") and United Services Protection Corp., ("USPC") (collectively "defendants"). Plaintiffs' complaint alleges violations of express and implied warranties, the Ohio Consumer Sales Practices Act, and the Magnuson-Moss Warranty Act ("MMWA") with respect to plaintiffs' purchase of a vehicle from Denney. The complaint also alleges fraud and breach of contract.

On January 13, 2006, USPC removed this action to federal court, citing the existence of a federal question presented by the MMWA claim. On January 30, 2006, plaintiffs filed a motion to remand (Document 7) claiming that federal jurisdiction does not exist. In their motion to remand, plaintiffs seek attorney's

fees alleging that USPC's removal was devoid of factual or legal support.

## II. Discussion

### A. Federal Court Jurisdiction.

A defendant removing a case from state to federal court bears the burden of demonstrating to a "reasonable probability" that subject matter jurisdiction exists. Ahearn v. Charter Township of Bloomfield, 100 F.3d 451, 453-454 (6th Cir.1996); Schimmer v. Jaguar Cars., 384 F.3d 402, 404 (7th Cir.2004)(citing Wilson v. Republic Iron &Steel Co., 257 U.S. 92, 97 (1921)). Federal jurisdiction should be exercised only when it is clearly established and any ambiguity should be resolved in favor of remanding to state court. Brierly v. Alusuisse Flexible Packaging Inc., 184 F.3d 527, 534 (6th Cir. 1999). In determining whether the amount in controversy meets the jurisdictional limit, the complaint is evaluated at the time it was filed. Klepper v. First American Bank, 916 F.2d 337, 340 (6th Cir. 1990).

USPC correctly notes that plaintiffs' complaint raises a federal question with its MMWA claim. The complaint states "[d]efendants ... violated the Magnuson-Moss Warranty Act, 15 U.S.C. A. §2301, et seq. Such violations include, but are not limited to, the following...[.]" See Complaint ¶53. The next paragraph says that "[p]laintiffs have been damaged by the

2

defendants [through their] violation of the Magnuson-Moss Warranty Act, in the amount of statutory damages, compensatory damages, plus costs and reasonable attorney's fees." See id. at ¶54.

While the complaint clearly raises a federal question, this court has jurisdiction only if plaintiffs' MMWA claim meets the amount in controversy limit. See 15 U.S.C. §2310. Section 2310(d)(3)(B) of the MMWA expressly denies federal court jurisdiction if the amount in controversy is "less than the sum or value of $50,000 (exclusive of interest and costs) computed on the basis of all claims to be determined in this suit." 15 U.S.C. §2310(d)(3)(B).

Despite USPC's assertion to the contrary, the removing party may not rely on damages flowing from pendant state law claims to reach the $50,000 jurisdictional limit. Golden v. Gorno Bros., Inc., 274 F. Supp. 2d 913, 917 (E.D. Mich. 2003); Boelens v. Redman Homes, Inc., 748 F.2d 1058, 1068 (5th Cir.1984); Ansari v. Bella Automotive Group, Inc., 145 F.3d 1270, 1272 (11th Cir.1998). In addition, attorney's fees, interest and other finance charges may not be used to bolster the amount in controversy. Golden, 274 F. Supp. 2d at 917; Golden v. Gorno Bros., Inc., 410 F.3d 879, 885 (6th Cir. 2005).

In Golden, the Sixth Circuit performed a similar amount in controversy analysis under the MMWA, and held that the total

recoverable amount under the plaintiff's warranty claim was dependant on the remedies provided by the forum state's breach of warranty law.

Ohio's consumer protection statute grants plaintiffs the right to recover damages or to rescind the transaction. See O.R.C. 1345.09(A); Frey v. Vin Devers, Inc., 80 Ohio App.3d 1, 7 (Ohio App.1992). The consumer is required to elect between rescission of the contract or damages prior to trial. Frey, 80 Ohio App.3d at 7.

In justifying its removal from state to federal court, USPC does not claim damages would exceed $50,000. Rather, USPC argues that the combination of rescission of the purchase price and add-ons, plus the loss of use of the vehicle, plus inconvenience and mental anguish would exceed the jurisdictional limit. This court disagrees.

First, USPC may not add the costs of rescission and damages. Ohio law clearly states that plaintiffs may rescind the transaction or recover damages. O.R.C. 1345.09(A). Because USPC justifies its removal through rescission of the purchase contract, damages for loss of use, inconvenience, and mental anguish may not be added to the amount in controversy. Even if these damages could be added, USPC has not demonstrated to any degree of "reasonable probability" that damages for these items would reach a meaningful amount.

4

With respect to the cost of rescission, the parties agree that the purchase price of the vehicle was $33,573.82. With add-ons, USPC claims the total value increases to $37,558.20. The Sixth Circuit has held that when the buyer seeks rescission of a purchase contract, the amount in controversy under the MMWA is equal to the purchase price of the vehicle less the actual value received. Golden, 410 F.3d at 885. Therefore, the present value of plaintiffs' vehicle must be subtracted from the total purchase price. USPC presents no evidence with respect to the current value of the vehicle. Plaintiffs estimate its value as being between $9,000 and $15,000.

Using the low end of plaintiffs' estimate, that reduces the amount in controversy from $37,558.20 to less than $29,000, which is significantly below the $50,000 limit. Because USPC has failed in its burden to show that federal jurisdiction exists, this case must be remanded to the Franklin County Court of Common pleas.

**B. Attorney's Fees**

Plaintiffs seek attorney's fees in the amount of $2,200 because USPC's notice of removal "is devoid of support[,] legal or factual[,] to justify subject matter jurisdiction in Federal Court." See Plaintiffs' motion at 7. Pursuant to 28 U.S.C. §1447(c), "an order remanding the case may require payment of just costs and any actual expenses, including attorney's fees,

incurred as a result of removal." See 28 U.S.C. §1447(c). Whether attorney's fees are awarded under §1447(c) is within the sound discretion of the trial court. Bartholomew v. Town of Collierville, 409 F.3d 684, 686 (6th Cir.2005). The Sixth Circuit has further instructed:

> "[A]n award of costs, including attorney's fees, is inappropriate where the defendant's attempt to remove the action was 'fairly supportable,' or where there has not been at least *some* finding of fault with the defendant's decision to remove."

Id. at 687. (Emphasis in original).

In this case USPC's decision to remove was "fairly supportable" in that plaintiffs' complaint clearly presents a federal question. Further, while USPC is incorrect in claiming that damages under the MMWA and pendant state law claims can be added together, a colorable argument exists for this position under the terms of the statute.[1] Plaintiffs' complaint seeks unspecified amounts of punitive, loss of use, inconvenience, and mental anguish damages under the pendant state law claims. For these reasons, USPC's notice of removal was not devoid of legal or factual support. Plaintiffs' motion for attorney's fees is denied.

**III. Conclusion**

For the foregoing reasons, plaintiffs' motion for remand to

---

[1] The MMWA states that the $50,000 shall be "computed on the basis of all claims to be determined in this suit." See 15 U.S.C. §2310(d)(3)(B).

6

the Franklin County Court of Common Pleas is granted. Plaintiffs' motion for attorney's fees is denied.  This case is remanded to the Court of Common Pleas of Franklin County, Ohio. Costs shall be taxed against USPC.

It is so ORDERED.

<u>s/James L. Graham</u>
JAMES L. GRAHAM
United States District Judge

DATE: May 2, 2006